# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF EATON

RAYMOND BABBITT,

    Plaintiff,

-vs-                                      CASE NO. 19-242-NF
                                         HON. JANICE K. CUNNINGHAM

WESTFIELD INSURANCE COMPANY,
KAMIL GIRMA SEID and FILLA TRUCKING, LLC,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | LAW OFFICES OF RONALD M. |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | SANGSTER, PLLC |
| AMY J. DEROUIN (P70514) | LEO E. JANUSZEWSKI (P44631) |
| Attorneys for Plaintiff | Attorney for Defendant Westfield |
| 9750 Highland Road | 315 North Main Street |
| White Lake, MI 48386 | Ann Arbor, MI 48104 |
| (248) 886-8650 / (248) 698-3321-fax | 734-926-0139 / 734-926-6222-fax |
| amy.derouin@cjtrainor.com | ljanuszewski@sangster-law.com |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **RAYMOND BABBITT,** by and through his attorneys CHRISTOPHER TRAINOR & ASSOCIATES, and for his First Amended Complaint states the following:

**GENERAL ALLEGATIONS**

1. The Plaintiff, **RAYMOND BABBITT,** is a resident of the Village of Vermontville, County of Eaton, State of Michigan.

2. That Defendant, **WESTFIELD INSURANCE COMPANY,** is an insurer authorized to do business in the State of Michigan and as such issues automobile insurance policies throughout the State of Michigan, including the County of Eaton.

1



3. The Defendant, **KAMIL GIRMA SEID**, is a resident of the City of Atlanta, County of Fulton, State of Georgia.

4. That Defendant **FILLA TRUCKING, LLC**, is a domestic corporation that does business throughout the State of Michigan, including the County of Eaton.

5. The amount in controversy in this cause exceeds Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

6. This lawsuit arises out of an automobile accident, which occurred at approximately 1:40 p.m., at the intersection of State Rd. and Muskgrove Hwy. in the Township of Sebewa, County of Ionia, State of Michigan.

7. On November 8, 2018, at the time and place indicated in the above paragraphs of this Complaint, Defendant Kamil Girma Seid was the operator and Defendant Filla Trucking, LLC was the owner of a certain automobile, bearing license plate number WBD119.

8. On the above date, time, and place, the Plaintiff was the driver in a certain vehicle, bearing license plate number DVH8439 traveling westbound on Muskgrove Hwy., in the Township of Sebewa, County of Ionia, State of Michigan.

9. On this date, Defendant Kamil Girma Seid was operating a truck in a northbound manner, approaching the intersection of State Rd. and Muskgrove Hwy. in the Township of Sebewa, County of Ionia, State of Michigan, immediately prior to the time this accident occurred.

10. On the above date, time, and place, Kamil Girma Seid struck Plaintiff's vehicle in turn causing grievous injuries to the Plaintiff.

### COUNT I - BREACH OF NO-FAULT CONTRACT AS TO DEFENDANT WESTFIELD INSURANCE COMPANY

11. The Plaintiff incorporates by reference the preceding paragraphs 1 through 10.

12. On November 8, 2018, the Plaintiff was struck by an automobile in the Township of

Sebewa, County of Ionia, State of Michigan, and that by reason of said incident, Plaintiff sustained personal injuries.

13. As a provision of the policy of insurance issued by Defendant **WESTFIELD INSURANCE COMPANY**, the Plaintiff became entitled to receive various benefits pursuant to the Michigan No-Fault Law.

14. Following the incident, the Plaintiff notified Defendant **WESTFIELD INSURANCE COMPANY** of the incident and completed various forms and reports and otherwise cooperated with Defendant **WESTFIELD INSURANCE COMPANY** and supplied the Defendant **WESTFIELD INSURANCE COMPANY** with the terms as requested relating to damages sustained, and which included medical information and Defendant **WESTFIELD INSURANCE COMPANY** is aware of all the circumstances surrounding the collision and the nature of the injuries sustained by the Plaintiff and has been supplied with documentary evidence.

15. That Plaintiff became available for benefits under the policy and demand for payment of such benefits has been made.

16. By reason of the incident, Plaintiff sustained injuries which required medical treatment, rehabilitation treatment, nursing/attendant care, household replacement services, prescription items and medical appliance, wage loss benefits, and other benefits under said policy, and the Plaintiff remains so disabled and unable to perform he normal duties and normal functions in a manner that he could prior to the incident.

17. Under the terms of the policy issued by Defendant **WESTFIELD INSURANCE COMPANY**, it became the obligation of Defendant **WESTFIELD INSURANCE COMPANY** to pay all the necessary medical and hospital expenses, including

prescriptions and medical appliance and reimburse the Plaintiff for all loss of wages less fifteen (15%) percent and to make payment for personal services and household services rendered on behalf of the Plaintiff, and to pay any attendant/nursing care for the benefit of the Plaintiff and to pay for all other medical rehabilitation expenses incurred as a result of the collision.

18. The Plaintiff has requested payment for all these expenses and Defendant **WESTFIELD INSURANCE COMPANY** have denied payment in spite of numerous demands. The monies are due and owing to Plaintiff from Defendant **WESTFIELD INSURANCE COMPANY.**

19. Defendant **WESTFIELD INSURANCE COMPANY's** refusal to make payment and to pay benefits under the terms of the No-Fault policy is unwarranted and unreasonable, and in violation of the terms of the contract, and the applicable statutes, and the Plaintiff requests reimbursement for the expenses and items set forth herein, and further, requests payment of actual attorney fees as may be allocated under the Michigan No-Fault Statutes, and further requests payment for statutory interest as provided by the No-Fault Statute.

## COUNT II - NEGLIGENCE OF DEFENDANT KAMIL GIRMA SEID

20. The Plaintiff incorporates by reference the preceding paragraphs 1 through 19.

21. Defendant **KAMIL GIRMA SEID** owed to the Plaintiff certain duties which the Defendant **KAMIL GIRMA SEID** violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owed to the Plaintiff:

    a. Violation of Section 9.2327 of the Michigan Statutes Annotated, as amended, which provides that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of

any other conditions then existing, and no person shall drive any vehicle on a highway at a greater speed within the assured clear distance ahead.

b. Violation of the duty to exercise reasonable care and caution, and to observe other vehicles and pedestrians lawfully upon the roadway, particularly to the Plaintiff.

c. Violation of the duty to operate a motor vehicle so that collision with other vehicles or pedestrians would not ensue, particularly to the Plaintiff.

d. Violation of the duty to operate a motor vehicle in such a manner as to maintain the same under control, taking into account the grade of highway, general conditions then existing, and to maintain the said vehicle so that it could be safely halted.

e. Violation of the duty to keep said motor vehicle under control at all times.

f. Violation of Section 9.2405 of the Michigan Statutes Annotated, as amended, which provides that a person driving a vehicle on a highway shall equip his vehicle with brakes adequate to control the movement of, and to stop and hold the said vehicle.

g. Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

h. Violation of other duties not heretofore mentioned.

22. The Plaintiff further states and alleges that at the time and place herein before set forth the Defendant **KAMIL GIRMA SEID** did then and there negligently, carelessly, and without due regard for the rights of the Plaintiff fail and neglect to operate his motor vehicle, as required, and as specifically set forth in the preceding paragraph of this Complaint.

23. As a consequence of Defendant **KAMIL GIRMA SEID** negligence herein set forth, the Plaintiff sustained serious and grievous injuries. The Plaintiff further sustained injuries generally throughout his entire body, and sustained injuries and aggravations to pre-existing conditions whether known or unknown at the time.

24. In addition to the physical and mental injuries suffered by Plaintiff, he has also incurred damages both economic and non-economic in nature, including but not limited to lost earnings, and non-economic damages including but not limited to pain, suffering, and loss of normal function.

25. The injuries sustained by the Plaintiff constitute a serious impairment of body function, and serious and permanent disfigurement.

## COUNT III - OWNER'S LIABILITY AS TO DEFENDANT FILLA TRUCKING, LLC VIOLATION OF MCR 257.401

26. The Plaintiff incorporates by reference the preceding paragraphs 1-25.

27. That Defendant **FILLA TRUCKING, LLC** owned the vehicle which was negligently driven by Defendant **KAMIL GIRMA SEID** who had express or implied authority to drive Defendant **FILLA TRUCKING, LLC'S** vehicle.

28. As a consequence of Defendant **FILLA TRUCKING, LLC'S** agent driver's negligence and violation of Michigan Statues in operating Defendant **FILLA TRUCKING, LLC'S** truck with its express or implied consent, Defendant **FILLA TRUCKING, LLC** as owner of said automobile is liable for Plaintiff's injuries pursuant to MCL 257.401.

29. As a direct and proximate result, Plaintiff sustained significant injuries.

## COUNT IV - DECLARATORY RELIEF AS TO DEFENDANT WESTFIELD INSURANCE COMPANY

30. The Plaintiff incorporates by reference the preceding paragraphs 1 through 29.

31. An actual controversy exists between Plaintiff and Defendant **WESTFIELD INSURANCE COMPANY.**

32. The Court must determine the following:

    a. The applicability of the No-Fault Act to the Plaintiff's claims.

    b. The amount of wage-loss benefits, replacement services expenses, medical expenses, No Fault interest, actual attorney's fees, or other benefits owed to Plaintiff.

    c. Whether, and in what amount any reduction set-offs, or reimbursements may be claimed by Defendant **WESTFIELD INSURANCE COMPANY.**

      d. Other determinations, orders and judgments necessary to fully adjudicate the rights of the parties.

**WHEREFORE**, Plaintiff, requests judgment against each Defendant in whatever amount in excess of Twenty five Thousand ($25,000.00) Dollars as is found to be reasonable and just, plus interest, costs and attorney fees so wrongfully sustained.

          Respectfully submitted,
          CHRISTOPHER TRAINOR & ASSOCIATES

          CHRISTOPHER J. TRAINOR (P42449)
          AMY J. DEROUIN (P70514)
          Attorneys for Plaintiff
          9750 Highland Road
          White Lake, MI 48386
          (248) 886-8650

Dated: May 14, 2019
AJD/lvp/sls

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF EATON

RAYMOND BABBITT,

    Plaintiff,

-vs-                                      CASE NO. 19-242-NF
                                            HON. JANICE K. CUNNINGHAM

WESTFIELD INSURANCE COMPANY,
KAMIL GIRMA SEID and FILLA TRUCKING, LLC,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | LAW OFFICES OF RONALD M. |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | SANGSTER, PLLC |
| AMY J. DEROUIN (P70514) | LEO E. JANUSZEWSKI (P44631) |
| Attorneys for Plaintiff | Attorney for Defendant Westfield |
| 9750 Highland Road | 315 North Main Street |
| White Lake, MI 48386 | Ann Arbor, MI 48104 |
| (248) 886-8650 / (248) 698-3321-fax | 734-926-0139 / 734-926-6222-fax |
| amy.derouin@cjtrainor.com | ljanuszewski@sangster-law.com |

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **RAYMOND BABBITT**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-entitled cause.

                                            Respectfully submitted,
                                            CHRISTOPHER TRAINOR & ASSOCIATES

                                            CHRISTOPHER J. TRAINOR (P42449)
                                            AMY J. DEROUIN (P70514)
                                            Attorneys for Plaintiff
                                            9750 Highland Road
                                            White Lake, MI 48386
                                            (248) 886-8650

Dated: May 14, 2019
AJD/lvp/sls